UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAVEH KAMYAB,<br><br>       Petitioner,<br><br> v.<br><br>PAMELA BONDI, *et al.*,<br><br>       Respondents. | Case No. C25-389-RSL-MLP<br><br>ORDER DIRECTING RESPONDENTS TO SUPPLEMENT THE RECORD |

  Petitioner Kaveh Kamyab is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking release from custody. (Dkt. # 1.) Petitioner, who is a native and citizen of Iran, asserts that he is entitled to release because his detention by ICE has become indefinite within the meaning of *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*See id*. at 3.)

  Respondents have filed a return memorandum and motion to dismiss that is currently ripe for review. (Dkt. # 8.) Respondents argue therein that Petitioner has failed to demonstrate a good reason to believe that there is no significant likelihood of his removal to Iran in the reasonably

ORDER DIRECTING RESPONDENTS TO
SUPPLEMENT THE RECORD - 1

foreseeable future. (*Id.*) Respondents support their motion to dismiss with the declaration of Supervisory Detention and Deportation Officer Wilfredo Baez-Santiago (dkt. # 9), and documents from Petitioner's certified alien file which are attached to the declaration of Respondents' counsel Sean Arenson (dkt. # 10).

Petitioner has filed a response opposing Respondents' motion to dismiss (dkt. # 11), together with supporting exhibits, which include declarations from Petitioner and Petitioner's sister, as well as an information sheet prepared by ICE that identifies Iran as an "uncooperative" country, *i.e.,* one that does not facilitate the return of its nationals (dkt. # 11-1). Petitioner suggests in his response that discovery may assist the Court in determining the facts necessary "to dispose of [this] matter as law and justice require." (Dkt. # 11 at 4 (citing 28 U.S.C. § 2243).) In particular, Petitioner proposes that the Court order ICE's Headquarters Removal and International Operations ("HQ RIO") branch "to submit sworn testimony detailing the reasons for its 'belief' that [Petitioner] will be removed expeditiously, along with any communications with Iran that support that belief." (*Id.*)

Respondents have filed a reply in support of their motion to dismiss (dkt. # 12), together with the declaration of Supervisory Detention and Deportation Officer Brett Booth (dkt. # 13). Respondents argue in their reply that there is no evidence demonstrating that Petitioner's detention has become impermissibly indefinite requiring his release from detention. (Dkt. # 12 at 4.) Respondents also argue that discovery is not necessary because Petitioner has not demonstrated that this Court requires further evidence to resolve the issue raised in his petition for federal habeas relief. (Dkt. # 12 at 3.)

ORDER DIRECTING RESPONDENTS TO
SUPPLEMENT THE RECORD - 2

The record before the Court establishes that Petitioner was ordered removed to Iran on August 28, 2024, over nine months ago. (Dkt. # 9, ¶ 12.) The issue presented to this Court for resolution is whether there is good reason to believe that Petitioner's removal to Iran will be effectuated in the reasonably foreseeable future. (Dkt. # 1 at 3-4.) Respondents' evidence demonstrates that Petitioner's travel document packet was submitted to the Iranian embassy on two occasions, once in October 2024, and more recently in April 2025. (Dkt. # 9, ¶¶ 14, 18.) Petitioner asserts in his petition that Iran has rejected his application for travel documents on the grounds that he is not a citizen of that country (dkt. # 1 at 3), while Respondents maintain that Petitioner's travel document packet remains pending with the Iranian embassy (dkt. # 9, ¶ 19).

According to Respondents, the embassy is awaiting documentation that must be reviewed before the process moves forward including, though perhaps not limited to, a passport or birth certificate. (*See* dkt. # 13, ¶¶ 5, 7.) However, the recent declaration of Officer Booth submitted in conjunction with Respondents' reply brief suggests that the documentation required by the Iranian embassy may not be available. (*See* dkt. # 13, ¶¶ 5, 7, 8.) In particular, Officer Booth states in his declaration that ICE Enforcement and Removal Operations ("ERO") reviewed Petitioner's alien file on May 6, 2025, and did not locate any original documents. (*Id.*, ¶ 8.) Officer Booth further states that the day after ERO discovered that Petitioner's file contained no original documents, it initiated efforts to remove Petitioner to a third country (*id.*, ¶ 9), suggesting that the absence of such documents presents a significant barrier to obtaining travel documents for Petitioner's removal to Iran. While Officer Booth avers that Iran has issued travel documents in the past twelve months, and has verified passports for travel, he does not make clear how the apparent absence of necessary documentation for Petitioner will affect efforts to

ORDER DIRECTING RESPONDENTS TO
SUPPLEMENT THE RECORD - 3

obtain travel documents for *him* and not for any other Iranian citizen who may be subject to removal.

The Court is not persuaded that discovery, *per se*, is necessary or appropriate at this juncture. However, there is a need for additional clarity regarding the actual status of Petitioner's travel document request with the Iranian embassy, particularly in light of the apparent barriers to obtaining travel documents suggested in Officer Booth's declaration. The fact that Petitioner's travel document request may remain pending with the Iranian embassy at this time, as Respondents assert, says nothing about whether, under all the circumstances, Petitioner's removal is likely to occur in the reasonably foreseeable future.

Accordingly, the Court hereby ORDERS as follows:

(1)     Respondents shall supplement their return and motion to dismiss with a clarifying declaration not later than ***July 11, 2025***. The declaration should be prepared by an individual employed with HQ RIO who has direct knowledge of Petitioner's case. The declaration shall detail the reasons for any belief that Petitioner will be removed expeditiously to Iran, and any communications HQ RIO has had with Iranian officials which support that belief. The declaration shall include a description of the specific documentation Iran requires before it will schedule an interview with Petitioner, and a statement as to whether such documentation is currently available or might reasonably be obtained. The declaration shall also detail any progress HQ RIO is making in its efforts to remove Petitioner to a third country and an estimated timeline for any potential removal pursuant to that process.

(2)     Respondents' motion to dismiss (dkt. # 8) is RE-NOTED on the Court's calendar for consideration on ***July 11, 2025***.

ORDER DIRECTING RESPONDENTS TO
SUPPLEMENT THE RECORD - 4

(3)  The Clerk shall send copies of this Order to all counsel of record, and to the Honorable Robert S. Lasnik.

DATED this 11th day of June, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER DIRECTING RESPONDENTS TO SUPPLEMENT THE RECORD - 5